UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.: 2:20-cr-17-SPC-MRM

SELENE JOYA

_____

**ORDER**[1]

Before the Court is Defendant Selene Joya's Second Motion for Early Termination of Probation (Doc. 5) and the Government's response in opposition (Doc. 9).  For the below reasons, the Court denies the motion.

In December 2018, a Southern District of Florida judge sentenced Joya to five years of probation and ordered $24,000 in restitution for conspiring to commit money laundering.  The sentence reflects a below-the-guidelines sentence.  About a year later, Joya asked the court to end her probation early. The court denied her motion.  Supervision of Joya's probation was then transferred here.

Joya tries again to end her probation early.  With about two and a half years left, she argues early termination of probation is warranted because she (1) has fully complied with the terms; (2) takes full responsibilities for her

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

actions; (3) has changed her life for the better since her arrest; and (4) has paid her restitution.

Although Joya's probation officer supports her motion (Doc. 5-1), the Government does not. The Government opposes early termination of probation because of the seriousness of her offense and to deter criminal conduct. The Government maintains that Joya was central to a money laundering conspiracy by setting up shell corporations and opening bank accounts to receive scammed money. It also asserts her originally imposed sentence of probation is much less than the guidelines calculated range of 12 to 18 months' imprisonment. Finally, the Government says not wanting to bother a probation officer when asking to visit family is no reason to end probation early. The Court agrees.

In considering Joya's motion, the Court reviews 18 U.S.C. § 3564(c). That statute says,

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).    The § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, project public from defendant's further crimes.  *Id.* § 3553(a).

After considering the law, record, and § 3553(a) factors, the interest of justice does not warrant ending Joya's probation early.  The seriousness of her offense, the need to afford adequate deterrence to criminal conduct, and the need to promote respect for the law all favor her originally imposed sentence.

The Court takes seriously that Joya furthered an international money laundering operation by opening bank accounts for a shell corporation in her name.  Those accounts accepted money innocent people sent because of sham scams.  Joya could have served over a year in prison for her crime.  But she escaped such an outcome.  Based on the record before the sentencing judge, she varied downward to find five years of probation to be sufficient but not greater than necessary to achieve the goals of sentencing.  Joya has served only half of that term.  And she wants the undersigned to cut that sentence short because she has complied with all terms of her probation and paid her restitution.  But such conduct is the baseline—not the exception.  The Court simply expects Joya to comply with her probation and to make a good faith effort to legitimately pay back her victims.  Although the Court commends Joya for

3

getting her life back on track, the record is not enough to find the interest of justice warranting an early end to her probation.

And as much as Joya does not want to bother her probation officer for permission to visit family, the Court is not persuaded. (Doc. 5 at 5). Fielding such requests is a necessary job duty of a probation officer, and hardly a burden to warrant ending probation early. The inconvenience of asking for permission to travel outside the District is not enough of a reason to end her probation early.

Accordingly, it is now

**ORDERED:**

Defendant Selene Joya's Motion for Early Termination of Probation (Doc. 5) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on July 22, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record